Filing # 51022096 E-Filed 01/11/2017 09:35:15 AM

IN THE CIRCUIT COURT, THIRTEENTH
JUDICIAL CIRCUIT, IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO.:

LIONEL LEREBOURS,

    Plaintiff,

vs.

GALENCARE, INC.
d/b/a BRANDON REGIONAL HOSPITAL,

    and

MEDICREDIT, INC.,

    Defendants.
_____/

## COMPLAINT AND JURY DEMAND
### (Unlawful Debt Collection Practices)

### I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants Galencare, Inc. d/b/a Brandon Regional Hospital ("Brandon Regional") and Medicredit, Inc. ("Medicredit") for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, et seq. ("FCCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; as well as for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") which requires fairness, confidentiality, and accuracy of consumer credit information.

## II. JURISDICTION AND VENUE

2. This is an action for damages exceeding $15,000.00, exclusive of interest, costs, and attorney's fees.

3. Plaintiff Lionel Lerebours ("Lerebours") is a natural person residing in the City of Tampa, County of Hillsborough, and State of Florida.

4. Upon information and belief, Defendant is Galencare, Inc. d/b/a Brandon Regional Hospital, a Florida healthcare business operating from an address at One Park Plaza, Nashville, TN 37203 and doing business collecting debts in the State of Florida.

5. Upon information and belief, Defendant is Medicredit, Inc., a debt services company operating from an address at 3620 I-70 Drive SE, Suite C, Columbia, MO 65201 and doing business collecting debts in the State of Florida.

6. For the purposes of this Complaint, unless otherwise indicated, a reference to either Defendant includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

## III. FACTUAL ALLEGATIONS

7. On or about August 6, 2014, Lerebours received emergency medical services at Brandon Regional Hospital. Brandon Regional incurred fees for the services provided which remained outstanding after Lerebours left the hospital. The fees owed to Brandon Regional were divided into two bills, each with a different account number (Account Nos. ending in ▉ and ▉. The Account No. ending in ▉ is the account at issue in this Complaint.

Lerebours v. Galencare, Inc., et al.  
Complaint and Jury Demand

2

01/11/2017 9:35 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 2

8. Sometime thereafter, Brandon Regional sought to collect from Lerebours the medical debt used for the personal, family, and household services of Lerebours. Brandon Regional regularly attempts to collect consumer debts.

9. As part of the collection efforts, Brandon Regional contacted Lerebours and entered into a monthly repayment plan on each of the accounts. Lerebours agreed to make monthly payments in the amount of $42.88 on the account at issue and $20.00 on the other account. In order to prevent missing a payment, Lerebours submitted the amounts electronically through his bank's bill pay service. According to a statement dated April 22, 2015, the following payments were credited to the account at issue:

| | |
|---|---|
| September 24, 2014 | $43.08 |
| October 23, 2014 | $42.88 |
| November 26, 2014 | $42.88 |
| December 24, 2014 | $42.88 |
| February 6, 2015 | $20.00 |
| March 6, 2015 | $20.00 |
| April 6, 2015 | $20.00 |

10. Upon information and belief, the payments were applied incorrectly to each of the accounts. After receiving a statement dated April 22, 2015, Lerebours talked to Robin at Brandon Regional calling (800)733-0429. Robin told Lerebours to disregard the statement, that the account would be "pulled back" from collections by her supervisor, and again indicated Brandon Regional would continue to accept monthly payments in the amount of $42.88.

11. Lerebours continued making the monthly payments without issue until October 2015 when Brandon Regional assigned or otherwise transferred the account to Medicredit for collection. As part of the collection efforts, Medicredit reported the debt

Lerebours v. Galencare, Inc., et al.
Complaint and Jury Demand

3

01/11/2017 9:35 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 3

as a negative collection account on each of the three major credit reports (Experian, Equifax, and TransUnion). Lerebours continues to make the monthly payments.

12. Lerebours was current on the agreed repayment and the account at issue should not have been sent to Medicredit for further collection.

13. Upon recognizing the negative account on his credit report, Lerebours initiated disputes with each of the three major credit reporting agencies in March of 2016. In each of the disputes, Lerebours requested that the entire tradeline be deleted as he entered into a repayment plan with Brandon Regional and made all the payments as agreed.

14. Upon information and belief, each of the credit reporting agencies investigated the alleged debt and Medicredit confirmed the information reported was correct.

15. Medicredit continues to collect and report the alleged debt.

16. Said information is negative and damaging to Lerebours. As a result of the actions of Brandon Regional and Medicredit, Lerebours has incurred actual damages.

## IV.   FIRST CLAIM FOR RELIEF

### Violation of the Florida Consumer Collection Practices Act

### Against Brandon Regional

17. Lerebours repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 16 above.

18. Brandon Regional is a "creditor" and "debt collector" as defined by the FCCPA, Fla. Stat. §§559.55(5) and (7).

19. The purported debt that Brandon Regional attempted to collect from Lerebours was a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

20. Brandon Regional violated the FCCPA. Brandon Regional's violations include, but are not limited to, the following:

(a) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false. Fla. Stat. §559.72(5).

(b) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. §559.72(9).

21. As a result of the above averments, Brandon Regional is liable to Lerebours for a declaratory judgment that Medicredit's conduct violated the FCCPA, as well as Lerebours' actual damages, statutory damages, and attorney's fees and costs in an amount exceeding $15,000.00, of which the exact amount will be proven at trial.

## V.   SECOND CLAIM FOR RELIEF

### Violation of the Florida Consumer Collection Practices Act

### Against Medicredit

22. Lerebours repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 16 above.

Lerebours v. Galencare, Inc., et al.  
Complaint and Jury Demand

5

01/11/2017 9:35 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 5

23. Medicredit is a "creditor" and "debt collector" as defined by the FCCPA, Fla. Stat. §§559.55(5) and (7).

24. The purported debt that Medicredit attempted to collect from Lerebours was a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

25. Medicredit violated the FCCPA. Medicredit's violations include, but are not limited to, the following:

    (a) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false. Fla. Stat. §559.72(5).

    (b) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. §559.72(9).

26. As a result of the above averments, Medicredit is liable to Lerebours for a declaratory judgment that Medicredit's conduct violated the FCCPA, as well as Lerebours' actual damages, statutory damages, and attorney's fees and costs in an amount exceeding $15,000.00, of which the exact amount will be proven at trial.

//

//

//

Lerebours v. Galencare, Inc., et al.
Complaint and Jury Demand

6

01/11/2017 9:35 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 6

## VI. THIRD CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

### Against Medicredit

27. Lerebours repeats, realleges, and incorporates by reference each of the averments in paragraphs 1 – 16 above.

28. Medicredit is engaged in the collection of debts from consumers using the mail and telephone. Medicredit regularly attempts to collect consumer debts alleged to be due to another. Medicredit is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

29. Lerebours is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

30. The purported debt that Medicredit attempted to collect from Lerebours was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

31. Medicredit violated the FDCPA. Medicredit's violations include, but are not limited to, the following:

    (a)    Communicating with a third party, without the prior consent of Lerebours, in connection with the collection of the alleged debt. 15 U.S.C. § 1692c(b).

    (b)    Engaging in conduct the natural consequence of which was to harass, oppress, and abuse Lerebours. 15 U.S.C. § 1692d.

    (c)    Falsely representing the character, amount, or legal status of the alleged debt. 15 U.S.C. § 1692e(2).

Lerebours v. Galencare, Inc., et al.  
Complaint and Jury Demand

7

01/11/2017 9:35 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 7

(d) Taking an action that cannot legally be taken. 15 U.S.C. § 1692e(5).

(e) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false. 15 U.S.C. § 1692e(8).

32. As a result of the above averments, Medicredit is liable to Lerebours for a declaratory judgment that Medicredit's conduct violated the FDCPA, as well as Lerebours' actual damages, statutory damages, and attorney's fees and costs in an amount exceeding $15,000.00, of which the exact amount will be proven at trial.

## VII.   FOURTH CLAIM FOR RELIEF

### Violation of the Fair Credit Reporting Act

### Against Medicredit

33. Lerebours repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 16 above.

34. Medicredit is a "user" of credit information and "furnisher" of credit information as discussed in the Fair Credit Reporting Act.

35. Upon information and belief, in response to Lerebours' dispute, the credit reporting agencies, pursuant to 15 U.S.C. § 1681i[a], forwarded to Medicredit notification of his dispute and requested that Medicredit conduct a reinvestigation, pursuant to 15 U.S.C. § 1681s-2.

36. Medicredit failed and refused to conduct an investigation of the disputed information and, instead, continued to report false, inaccurate information and attributed same to Lerebours.

37. Medicredit failed and refused to review all relevant information.

38. Medicredit was required to conduct a reasonable, timely and more thorough reinvestigation of Lerebours' disputes and to respond to the consumer reporting agencies to whom it subscribed with truthful, complete and relevant information.

39. Medicredit willfully violated the mandates of 15 U.S.C. § 1681s-2[b] and Lerebours has suffered damages as a result of those violations. In accordance with Fla. Stat. §768.72, Plaintiff reserves the right to see leave of court and seek punitive damages in accordance with

40. Alternatively, Medicredit negligently violated the mandates of Section 1681s-2[b].

41. As a result of the above averments, Medicredit is liable to Lerebours for a declaratory judgment that Medicredit's conduct violated the FCRA, as well as Lerebours' actual damages, statutory damages, and attorney's fees and costs in an amount exceeding $15,000.00, of which the exact amount will be proven at trial.

**WHEREFORE**, Lerebours respectfully requests that judgment be entered against Galencare, Inc. d/b/a/ Brandon Regional Hospital for the following:

    a. ISSUE a declaratory judgment that Galencare, Inc.'s conduct violated the FCCPA;

    b. Actual damages;

    c. Statutory Damages pursuant to Fla. Stat. §559.77(2);

Lerebours v. Galencare, Inc., et al.  
Complaint and Jury Demand

9

01/11/2017 9:35 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 9

  d. Costs and reasonable attorney's fees pursuant Fla. Stat. §559.77(2);

  e. For such other and further relief as the Court may deem just and proper;

and against Medicredit, Inc. for the following:

  a. ISSUE a declaratory judgment that Medicredit's conduct violated the FCCPA, FDCPA, and the FCRA;

  b. Actual damages;

  c. Statutory damages pursuant to 15 U.S.C. § 1692k; Fla. Stat. §559.77(2); and/or 15 U.S.C. § 1681[n] or [o];

  d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; Fla. Stat. §559.77(2); and/or 15 U.S.C. § 1681, et seq.;

  e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**FLORIN LEGAL, P.A.**

/s/ Scott C. Florin
Scott C. Florin
Florida Bar No. 0088202
4511 N. Himes Avenue, Suite 200
Tampa, Florida 33614
Phone: (813) 449-4287
Fax: (813) 354-3619
SFlorin@FlorinLegal.com
Attorney for Plaintiff Lerebours

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

/s/ Scott C. Florin
Scott C. Florin

Lerebours v. Galencare, Inc., et al.
Complaint and Jury Demand

11

01/11/2017 9:35 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 11

Filing # 51022096 E-Filed 01/11/2017 09:35:15 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I. **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>THIRTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Lionel Lerebours</u>
Plaintiff
       vs.
<u>Galencare, Inc., Medicredit, Inc.</u>
Defendant

II. **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.  REMEDIES SOUGHT** (check all that apply):
    ☒  Monetary;
    ☐  Non-monetary
    ☒  Non-monetary declaratory or injunctive relief;
    ☐  Punitive

**IV.  NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

4

**V.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐  Yes
    ☒  No

**VI.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒  No
    ☐  Yes – If "yes" list all related cases by name, case number and court:

N/A

**VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒  Yes
    ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Scott C Florin    FL Bar No.: 88202
    Attorney or party                                                                       (Bar number, if attorney)

    Scott C Florin   01/11/2017
    (Type or print name)                                                                    Date